IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00359-CNS

JULIO JESUS BUITRAGO MURZI,

    Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security,
PAM BONDI, U.S. Attorney General,
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, and
DAWN CEJA, Warden of Denver Contract Detention Facility,

    Respondents.

**ORDER**

Before the Court is Petitioner's fully briefed Petition for Writ of Habeas Corpus, ECF No. 1, and Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 2. As Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, GRANTS the petition and DENIES as moot the temporary restraining order motion.

**I.    ANALYSIS**

The parties acknowledge this case is substantially similar to cases the Court and other courts in this judicial district have previously considered regarding the applicability of 8 U.S.C. § 1225, but with a specific distinction: "Unlike many petitioners in those cases, the Petitioner here came into the United States via a port of entry, where he presented

1

himself as an applicant for admission." ECF No. 11 at 2. *See also id.* (characterizing this case as "materially different from many of the cases recently brought in this district"); ECF No. 13 at 4; ECF No. 1 at 4. This fact does not compel a contrary outcome to the one the Court has reached previously: Petitioner's detention is improper. *See, e.g.,* ECF No. 1 at 5.

Respondents argue that, based on this case's factual background, Petitioner is an applicant for admission whose detention is governed by § 1225. *See* ECF No. 11 at 2 ("Petitioner presented himself at a port of entry, was designated at that point as an 'arriving alien' who had 'applied for admission.'"); *id.* at 4. The Court disagrees and is unpersuaded by the case Respondents cite in support of this proposition. *See id.* In that case, the court concluded that a habeas petitioner was detained under § 1225 because he, in the court's eyes, was an applicant for admission. *See Depelian v. Baltazar et al.*, No. 25–cv–03765–SKC–TPO, ECF No. 18 at 8. Therefore, *Depelian*'s petitioner was detained under § 1225 and not entitled to a bond hearing. *Id.* at 9.

But *Depelian*'s analysis of this issue does not demand that the Court reach the same conclusion. Critically, here, as Respondents acknowledge, following his arrival at a port of entry, Petitioner was released on parole. *See* ECF No. 11 at 2 ("Petitioner was placed into removal proceedings and paroled into the United States."). The "Record of Deportable/Inadmissible Alien" that Petitioner submitted with his petition confirms this: "Subject was processed for an NTA and paroled into the U.S. pending a 240 hearing." ECF No. 1-1 at 11. Other courts considering habeas petitions against substantially similar backgrounds have concluded that paroled petitioners who go on to live in the United

States have been released on their own recognizance, and therefore that § 1226, rather than § 1225, applies. *See, e.g. Sidqui v. Almodovar, et al.,* No. 25–CV–9349 (VSB), 2026 WL 251929, at *10 (S.D.N.Y. Jan. 30, 2026) ("Petitioner's release on parole, and not the humanitarian parole in § 1182(d)(5)(A), constitutes strong evidence that he was released under § 1226(a) and not under § 1225(b)." (citation modified)); *Aviles-Mena v. Kaiser*, No. 25–cv–06783–RFL, 2025 WL 2578215, at *4 (N.D. Cal. Sept. 5, 2025) ("Yet, the government also concedes that Aviles-Mena was paroled out of ICE custody on May 23, 2022. The Court concurs with other courts that have found that section 1225(b)(1) does not authorize designation for expedited removal of any noncitizen who has, at any point in time, been paroled into the United States . . . . Thus, under the plain meaning of section 1225(b)(1), Aviles-Mena no longer qualifies for expedited removal because he was 'paroled' into the United States and has been living and working in the United States for three years." (citation modified)); *Coal. for Humane Immigrant Rts. v. Noem*, Case No. 25–cv–872 (JMC), --- F. Supp. 3d ----, 2025 WL 2192986, at *27 (D.D.C. Aug. 1, 2025) ("The Arriving Aliens Provision Does Not Authorize Expedited Removal of Parolees."); *Ahmadi v. Becerra, et al.,* Case No. 1:25–cv–01044–CDB (HC), 2026 WL 309561, at *10 (E.D. Cal. Feb. 5, 2026) ("8 U.S.C. § 1226(a) attaches as the governing legal scheme. Because Petitioner [was] released on [his] own recognizance after [his] initial detention at the border, [he is] also ineligible for expedited removal proceedings as [he has] been 'paroled' within the meaning of section 1225(b)(1)." (citation modified)); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 935 n.4 (N.D. Cal. 2025).

Simply stated, *Depelian* did not contend with these cases, and the Court finds their reasoning more persuasive. It adopts that reasoning now, concluding that Petitioner's detention is improper. *See* ECF No. 13 at 10. Other courts have concluded that such improper detention amounts to a due process violation—or, at a bare minimum, such detention shows petitioners have shown a likelihood of success on the merits as to such a due process claim. *Ramirez Clavijo v. Kaiser*, No. 25–cv–06248–BLF, 2025 WL 2419263, at *4 (N.D. Cal. Aug. 21, 2025) ("[B]ecause the Government . . . released Petitioner on her own recognizance Petitioner has a protected liberty interest, and the Due Process Clause protects her from unlawful detention." (citation modified)); *Castellon*, 2025 WL 2373425, at *9.[1] The Court finds their thorough reasoning persuasive, adopts it, and reaches the same conclusion.[2] *See, e.g., Garcia v. Andrews*, No. 1:25–cv–01006 JLT SAB, 2025 WL 2420068, at *7 (E.D. Cal. Aug. 21, 2025) (collecting cases); *Sidqui*, 2026 WL 251929, at *17; *Ahmadi*, 2026 WL 309561, at *12–13. Therefore, the Court need not address Petitioner's remaining claims. *See generally* ECF No. 1; *Sidqui*, 2026 WL 251929, at *17.

---

[1] Petitioner directs the Court to *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026), contending that it does not control or compel a contrary outcome. *See* ECF No. 13 at 9. The Court agrees and has previously explained why *Buenrostro-Mendez* is neither controlling nor persuasive. *See Singh v. Baltazar*, No. 1:26–cv–00336–CNS, 2026 WL 352870, at *3–6. At bottom, all statutes "no matter how impenetrable, do—in fact, must—have a single, best meaning." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024). And the best meaning of the statutes at issue here—the same numerous courts have interpreted—demonstrate that Petitioner's detention is improper.

[2] The Court's conclusion is bolstered by the fact that ICE assumed custody over Petitioner following his arrest by Wyoming police for a "minor-traffic related matter." ECF No. 1 at 4. *See also* ECF No. 2 at 8. As discussed further below, Respondents do not argue that an arrest for such a traffic incident makes Petitioner a flight risk or danger to the community.

The only question that remains is whether to grant Petitioner relief in the form of immediate release or a bond hearing. *See* ECF No. 1 at 26. Immediate release is the appropriate remedy. "To be released on conditional parole/ own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community," *Garcia*, 2025 WL 2420068, at *5 (citation modified), and Respondents do not otherwise argue that Petitioner poses such risk or danger, *see generally* ECF No. 11. *See also Castellon*, 2025 WL 2373425, at *12 ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk."); *Sidqui*, 2026 WL 251929, at *17 (concluding the government's "inability to point to any evidence of risk of flight or danger [supported] granting" habeas petition as the "most appropriate remedy" and ordering government to "immediately release [the petitioner] from custody" (citation modified)).

## II.   CONCLUSION

Consistent with the above analysis, Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED and the Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 2, is DENIED AS MOOT. Pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), it is FURTHER ORDERED THAT:

- Respondents SHALL RELEASE Petitioner from custody immediately, but no later than within 12 hours of this Order, and may not impose any conditions of release or supervision that were not imposed in the original grant of parole;

- Respondents SHALL FILE a status report within TWO DAYS of this order to certify compliance; and

- Respondents are further ENJOINED AND RESTRAINED from re-arresting or re-detaining in any form Petitioner unless they demonstrate, by clear and

convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof. Petitioner shall be allowed to have counsel present at any such hearing.

DATED this 12th day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge